J-A07029-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD THOMAS ADAMS, | : | No. 1445 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence August 31, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0002870-2016

BEFORE:    OLSON, STABILE, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:  FILED: June 5, 2017

I respectfully concur.  The trial court determined, and the Majority agrees, that Officer Falconio's interactions with Appellant remained a mere encounter until Appellant opened the car door after backup arrived and Officer Falconio suspected that Appellant was under the influence of alcohol, stating that the officer's "[r]equest[] that Appellant remain in his vehicle for officer safety until backup arrived one minute later was not unreasonable under these specific circumstances."  Trial Court Opinion, 12/5/2016, at 6.  However, the reasonableness of the officer's request is not the sole focus of our inquiry.  In objectively evaluating the totality of the circumstances, we must determine "whether a reasonable person would have felt free to leave or otherwise terminate the encounter," including all circumstances evidencing "restrain[t] by physical force or show of coercive authority" by

_____
*Retired Senior Judge assigned to the Superior Court.

police. ***Commonwealth v. Lyles***, 97 A.3d 298, 302–03 (Pa. 2014). When a police officer pushes a person's car door closed, instructs the person to remain in the car, and remains outside the car waiting for backup, only an unreasonable person would feel free to exit the car or drive away.

However, Officer Falconio had reasonable suspicion that criminal activity was afoot based upon the car's lingering presence in a parking lot behind closed businesses around 3 a.m. Although Appellant owned one of the businesses, Officer Falconio did not know this when he was determining why Appellant was parked behind the businesses at such an early hour. Additionally, certainly Officer Falconio had reasonable suspicion once Appellant claimed he could not open his car door because he did not have his car keys, yet his car keys were in plain sight. Therefore, I would affirm, albeit on a different basis than the Majority.

Judge Stabile joins.